**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVON HIGHT, | * | |
| 9913 Good Luck Road | | |
| Apt. 202 | * | |
| Lanham, Maryland 20706 | | |
| (PRINCE GEORGES COUNTY) | * | COMPLAINT AND DEMAND |
| | | |
| PLAINTIFF, | * | FOR JURY TRIAL |
| | | |
| v. | * | |
| | | |
| TOWN OF BLADENSBURG, a | * | |
| Municipal Corporation; | | |
| **Serve:** Interim Town Administrator | * | |
| Vito Tinelli | | |
| 4229 Edmonston Road | | |
| Bladensburg, Maryland 20710 | * | |
| (PRINCE GEORGES COUNTY) | | |
| | * | |
| and | | |
| | * | |
| PFC. MICHAEL LUCIOTTI, ID # 330 | | |
| c/o Bladensburg Police Department | * | |
| 4910 Tilden Road | | |
| Bladensburg, Maryland 20710 | * | |
| (PRINCE GEORGES COUNTY) | | |
| | * | |
| DEFENDANTS | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

DAVON HIGHT, by his undersigned counsel, hereby sues Defendants, PFC. MICHAEL

LUCIOTTI, ID # 330 and the TOWN OF BLADENSBURG, and states the following:

INTRODUCTION

1.      This is a civil rights action for monetary damages for violation of the Plaintiff's rights as

secured by the United States Constitution, the laws of the United States, the Maryland

Declaration of Rights and the laws of the State of Maryland against PFC. MICHAEL

LUCIOTTI, ID # 330 and the TOWN OF BLADENSBURG arising out of an incident that occurred on November 12, 2017. On this date, at approximately 9:05 PM, Defendant Luciotti shot Mr. Hight in the back, and elsewhere on his body, as Mr. Hight was running away from the police. As a result of the shooting, Mr. Hight was seriously injured, sustaining life-threatening and permanent injuries and causing him to incur medical bills in an amount exceeding one million dollars.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, as this is an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern Division of the District of Maryland.

## DEMAND FOR JURY TRIAL

5.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.      The Plaintiff DAVON HIGHT is a resident of Prince George's County, Maryland.

7.      Defendant, Town of Bladensburg (*hereinafter* "Bladensburg"), is a municipal corporation duly authorized under the laws of the State of Maryland, with the capacity to sue and be sued. It is the legal and political entity responsible for the actions of BLADENSBURG POLICE DEPARTMENT (*hereinafter* "BPD"). Bladensburg is the public employer of the police officer named as an individual Defendant in this lawsuit, more specifically, PFC. LUCIOTTI. Bladensburg is authorized under the laws of the State of Maryland to maintain a police department, to wit, the BPD, which acts as its agent with regard to carrying out law enforcement operations within the territorial boundaries of Bladensburg. Bladensburg and its police department hired, employed, trained, and supervised PFC. LUCIOTTI in his duties as a police officer. Bladensburg is sued for damages in Count 5 for vicarious liability on the basis of the acts and omissions of PFC. LUCIOTTI.

8.      PFC LUCIOTTI , ID # 330, is a duly authorized police officer with the BPD who, at all times herein relevant, was working as agent, servant and/or employee of the Town of Bladensburg and acting within the scope of his employment. He is sued in both his individual and official capacity.

9.      By the conduct, acts, and omissions complained of herein, Defendant LUCIOTTI violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

<u>NOTICE OF CLAIM</u>

10.     On July 18, 2018, Mr. Hight, by and through his attorney, provided the required and timely notice of claim pursuant to § 5-304 of the Courts and Judicial Proceedings Article of the Maryland Code. The notice letters and return receipts are attached hereto as **Exhibit A**.

<u>FACTS COMMON TO ALL COUNTS</u>

11.     On or about November 12, 2017 in the evening, Mr. Hight was visiting his girlfriend at an apartment complex located at 5219 Newton Street in Bladensburg, Maryland.

12.     On that same date, at approximately 9:05 PM, PFC. Sjogren #334, P/O Thompson #339, Cpl. Calloway #321, and PFC. Luciotti #330 were dispatched to the scene.

13.     When the police arrived on the scene, Mr. Hight was standing in the hallway of the second-floor landing near his girlfriend's apartment.

14.     As the aforementioned officers approached Mr. Hight, he fled on foot outside through a rear stairwell.

15.     The aforementioned officers followed Mr. Hight out of the building, and a foot pursuit ensued.

16.     While pursuing the suspect between buildings 5217 and 5219, PFC. Luciotti intentionally, or in the alternative, recklessly, discharged his service firearm ten times at Mr. Hight, as he was fleeing with his back to PFC. Luciotti.

17.     The first shots struck Mr. Hight in his back; these injuries are depicted here:



18.     At no time did Mr. Hight pose a threat to PFC. Luciotti, any other officer, or any other person.

19.     Mr. Hight did not pose a threat to PFC. Luciotti, any other officer, or any other person, to justify PFC. Luciotti's use for lethal force. Mr. Hight alleges that PFC. Luciotti acted with malice, *i.e.* an intent to injure and harm Mr. Hight and/or with evil intent or motive.

20.     The shooting severely injured Mr. Hight, causing life-threatening and permanent injuries, and caused him to incur medical bills in an amount exceeding one million dollars.

### COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 – FOURTH and FOURTEENTH AMENDMENTS – BASED ON EXCESSIVE FORCE

21.     Plaintiff Davon Hight incorporates herein the preceding allegations of this Complaint.

22.     At all relevant times herein, Mr. Hight had rights under the Fourth and Fourteenth Amendments not to have his person or property unlawfully searched, seized, detained in an unreasonable manner, not to be subjected to excessive force, not to be deprived of liberty without due process of law, and not to be summarily punished.

23.     At all times relevant herein, Defendant Luciotti was a state actor, and his conduct was subject to 42 U.S.C. § 1983.

24.     By shooting Mr. Hight without legal justification, as is described in paragraphs 11 through 19 of this Complaint, Defendant Luciotti, acting under the color of law, deprived Mr. Hight of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments of the U.S. Constitution; specifically, under the Fourth and Fourteenth Amendments, Mr. Hight had the following rights: not to have his person or property unlawfully searched, seized, detained in an unreasonable manner, not to be subjected to excessive force, not to be deprived of liberty without due process of law, and not to be summarily punished.

25.     Defendant Luciotti subjected Mr. Hight to these deprivations of rights either maliciously or by acting with reckless disregard for the Plaintiff's rights.

26.     The scope of Luciotti's violent intrusion into Plaintiff's rights was not reasonable in light of the circumstances and Luciotti's actions were not legally justified.

27.     As a result of the aforementioned federal Constitutional violations, Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

WHEREFORE, Plaintiff, Davon Hight, claims against Defendant Michael Luciotti: (a) compensatory damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00), (b) punitive damages in the amount of One Million Dollars ($1,000,000), (c) an award of reasonable attorney's fees and costs, incurred in pursuing this action, as provided under 42 U.S.C. §1988, and; (d) such other further relief to which Plaintiff may be entitled.

## COUNT 2 - BATTERY

28.     Plaintiff Mr. Hight incorporates herein the preceding allegations of this Complaint.

29.     By shooting Mr. Hight, as is described in paragraphs 11 through 19 of this Complaint, Defendant Luciotti intentionally touched Mr. Hight in an offensive and/or harmful manner, without his consent. This conduct was undertaken deliberately, with malice, negligently and/or grossly negligently.

30.     As a result of Defendant Luciotti's conduct, Plaintiff Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

WHEREFORE, Plaintiff, Davon Hight, claims compensatory damages in an amount that

exceeds Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00), from Defendant, Michael Luciotti, and such other further relief to which Plaintiff may be entitled.

**COUNT 3 – FALSE ARREST**

31.     Plaintiff Mr. Hight incorporates herein the preceding allegations of this Complaint.

32.     The intentional, reckless and/or malicious conduct of Defendant Luciotti in shooting Mr. Hight, as is described in paragraphs 11 through 19 of this Complaint, caused him to be unlawfully arrested, restrained, detained and/or confined, thereby depriving him of his freedom of movement, without his consent and without legal justification.

33.     As a result of the intentional and malicious conduct of Defendant Luciotti, Mr. Hight Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

WHEREFORE, Plaintiff, Davon Hight, claims compensatory damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00), from Defendant, Michael Luciotti, and such other further relief to which Plaintiff may be entitled.

**COUNT 4 – FALSE IMPRISONMENT**

34.     Plaintiff Mr. Hight incorporates herein the preceding allegations of this Complaint.

35.     The intentional, reckless and/or malicious conduct of Defendant Luciotti in shooting Mr. Hight, as is described in paragraphs 11 through 19 of this Complaint, caused him to be confined and/or deprived of his personal liberty, by force or threat of force, without his consent and without legal justification.

7

36.     Plaintiff Mr. Hight was conscious of the fact that he was being confined and/or deprived of his liberty by Defendant Luciotti.

37.     As a result of the intentional and malicious conduct of Defendant Luciotti, the Plaintiff Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

        WHEREFORE, Plaintiff, Davon Hight, claims compensatory damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00), from Defendant, Michael Luciotti, and such other further relief to which Plaintiff may be entitled.

### COUNT 5 – VIOLATION OF THE MARYLAND DECLARATION OF RIGHTS – ARTICLES 24 AND 26 – BASED ON EXCESSIVE FORCE

38.     Plaintiff Davon Hight incorporates herein the preceding allegations of this Complaint.

39.     Defendant Luciotti, acting under color of law, shot Mr. Hight without legal justification and in doing so, deprived Plaintiff of rights guaranteed to him under the Maryland Declaration of Rights, including, *inter alia*, Articles 24 and 26.

40.     Specifically, by shooting Mr. Hight without legal justification, as is described in paragraphs 11 through 19 of this Complaint, Defendant Luciotti, acting under the color of law, deprived Mr. Hight of his rights secured under the Maryland Declaration of Rights, including, *inter alia*, Articles 24 and 26, not to have his person or property unlawfully searched, seized, detained in an unreasonable manner, not to be subjected to excessive force, not to be deprived of liberty without due process of law, and not to be summarily punished.

41.     Defendant Luciotti subjected Mr. Hight to these deprivations of rights either maliciously or by acting with reckless disregard for the Plaintiff's rights.

42.     The scope of Luciotti's violent intrusion into Plaintiff's rights was not reasonable in light of the circumstances and Luciotti's actions were not justified.

43.     Because Defendant Luciotti was acting as agent, servant and/or employee of Defendant Town of Bladensburg and acted within the scope of his employment at all times herein relevant, Defendant Town of Bladensburg is liable to the Plaintiff for state constitutional violations committed by Defendant Luciotti.

44.     As a result of the intentional and malicious conduct of the Defendant, the Plaintiff Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

WHEREFORE, Plaintiff, Davon Hight, claims compensatory damages, jointly and severally from Defendants Town of Bladensburg and Michael Luciotti in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00), from Defendant, Michael Luciotti, and such other further relief to which Plaintiff may be entitled.

## COUNT 6 – GROSS NEGLIGENCE

45.     Plaintiff Davon Hight incorporates herein the preceding allegations of this Complaint.

46.     Defendant Luciotti acted with gross negligence towards Plaintiff Hight in that he wantonly and willfully inflicted physical injury on Plaintiff Hight in a manner that exhibited such utter indifference to the rights of Plaintiff Hight that he acted as if such rights did not exist.

47.     By shooting Mr. Hight without legal justification, as is described in paragraphs 11 through 19 of this Complaint, Defendant Luciotti acted grossly negligently considering the circumstances that existed at the time.

48.     As a result of the grossly negligent conduct of Defendant Luciotti, Plaintiff Mr. Hight suffered severe, permanent, physical and emotional injury, mental anguish, incurred medical bills, lost earnings and the capacity to earn in the future, and sustained other related injuries, losses and damages.

WHEREFORE, Plaintiff, Davon Hight, claims compensatory damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00), from Defendant, Michael Luciotti, and such other further relief to which Plaintiff may be entitled.

Respectfully submitted on November 6, 2020 by:


  /s/     *Matthew E. Bennett*                                     /s/     *Andrew V. Jezic*
Matthew E. Bennett                                            Andrew V. Jezic
The Law Office of Matthew E. Bennett         (*signed by Matthew E. Bennett with*
Silver Spring, Maryland 20910                       *permission of Andrew V. Jezic*)
Ph. (301) 587 – 3942                                        Jezic & Moyse, LLC
Fax. (301) 589 – 1585                                      2730 University Blvd W. #604
matthew@mbennettlaw.com                          Wheaton, Maryland 20902
**Federal Bar No. 24768**                              Ph. (240) 292 – 7200
                                                                        Fax. (240) 292 – 7225
                                                                        avjezic@aol.com
                                                                        **Federal Bar No. 15770**

**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION**

DAVON HIGHT,                                   *

      PLAINTIFF,                            *                    DEMAND FOR JURY TRIAL

v.                                             *

TOWN OF BLADENSBURG, a                         *
Municipal Corporation, *et al.*
                                               *
      DEFENDANTS
*       *       *       *       *       *       *       *       *       *       *       *       *

## <u>DEMAND FOR JURY TRIAL</u>

Now comes Plaintiff, DAVON HIGHT, through his undersigned counsel, and hereby demands a jury trial in the above-captioned matter.

\_\_\_\_/s/_____
Matthew E. Bennett, Esq.